IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JOANNA MAREK, et al,

    Plaintiffs,

vs.

AVISTA CORPORATION, et al,

    Defendants.

Case No. CV04-493-N-EJL

MEMORANDUM ORDER

On September 20, 2004, Plaintiffs initiated this action by filing a complaint seeking damages for trespass by Defendant. In response, Defendant has filed a Motion to Dismiss for failure to state a claim upon which relief can be granted, lack of subject matter jurisdiction, and failure to join an indispensable party. See Fed. R. Civ. P. 12(b)(1), (6), and 19. The parties have filed responsive briefing and the motion is now ripe for the Court's consideration.

Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, enrolled members of the Nez Perce Tribe, allege they are part owners of Allotment No. 1731 upon which Defendants, Avista Corporation ("Avista") and Clearwater Power Company ("Clearwater"), each own and operate transmission and distribution lines. (Dkt. No. 1). Avista is the owner of the larger transmission line for which a right-of-way was issued that expired on December 31, 1987. The complaint alleges Avista has not renewed or extended the right-of-way. Clearwater owns the smaller distribution line for which a right-of-way was never obtained. As such,

MEMORANDUM ORDER - Page 1
06ORDERS\MAREK.WPD

Plaintiffs allege both lines are trespassing on their land. The complaint states "These are trespass claims for declaratory and injunctive relief" and damages including costs and attorney fees. (Dkt. No. 1). Both Defendants have answered the complaint and Avista has filed the instant motion to dismiss which is now before the Court.

## STANDARD OF LAW

1) 12(b)(1):

A Defendant may move to dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) in one of two ways. See Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979)). The attack may be a "facial" one where the defendant attacks the sufficiency of the allegations supporting subject matter jurisdiction. Id. On the other hand, the defendant may launch a "factual" attack, "attacking the existence of subject matter jurisdiction in fact." Id. When considering a "facial" attack made pursuant to Rule 12(b)(1), a court must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). A "factual" attack made pursuant to Rule 12(b)(1) may be accompanied by extrinsic evidence. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989); Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987). When considering a factual attack on subject matter jurisdiction, "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983) (citing Thornhill, 594 F.2d at 733). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill, 594 F.2d at 733 (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

However, "[t]he relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction ... where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th

MEMORANDUM ORDER - Page 2
06ORDERS\MAREK.WPD

Cir. 1987) (quoting Augustine, 704 F.2d at 1077). In such a case, "the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." Augustine, 704 F.2d at 1077 (citing Thornhill, 594 F.2d at 733-35). This case does not require the Court to resolve substantive issues in determining whether jurisdiction is proper.

## DISCUSSION

Avista's motion asserts this Court is without subject matter jurisdiction. The complaint in this matter has cited various grounds for jurisdiction: 25 U.S.C. §§ 345, 3713, 28 U.S.C. §§ 1353, 1331, 2201, and 2202. (Dkt. No. 1). Avista argues these statutes fail to provide a basis for subject matter jurisdiction for Plaintiffs' trespass claim. Plaintiffs maintain subject matter jurisdiction is proper in this Court because the relief sought is based upon federal statutes and the claims arise under federal law as provided in § 1331.

1) Federal Question Jurisdiction, 28 U.S.C. § 1331:

Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Avista states the complaint here fails to allege any violation of the Constitution, laws, or treaties of the United States so as to give rise to federal question jurisdiction under § 1331. Avista argues Plaintiffs' claims are instead based on state trespass law, not federal law. Plaintiffs assert jurisdiction is proper because allotments are creatures of federal statute and, thus, the rights Plaintiffs seek to enforce arise under federal law, namely the General Allotment Act and the American Indian Agricultural Resources Management Act of 1993 ("AIARMA"). In addition, Plaintiffs note that any right-of-ways granted or not sought would have to meet the requirements of federal law. In reply, Avista contends the federal statutes relied upon by Plaintiffs are not the basis for their trespass claim and both statutes refer to actions by the Tribe, not claims by individual Indians.

For a case to arise "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331 (1982), "a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's cause of action." United States v. Turtle Mountain Housing Authority, 816 F.2d 1273, 1275 (8th Cir. 1987) (citing Gully v. First Nat'l. Bank, 299 U.S. 109, 112,

MEMORANDUM ORDER - Page 3
06ORDERS\MAREK.WPD

(1936)). As related to this case, for jurisdiction to exist the complaint must assert a present right arising under federal law as opposed to a case where "the underlying right or obligation arises only under state law and federal law is merely alleged as [an affirmative defense]." Oneida Indian Nation of New York v. County of Oneida, 414 U.S. 661, 675 (1974) (citing Gully, *supra*). Where the underlying right to possession of land arises under federal law, "a controversy in respect of lands has never been regarded as presenting a Federal question merely because one of the parties to it has derived his title under an act of Congress. Once [issued], the incidents of ownership are, for the most part, matters of local property law to be vindicated in local courts, and in such situations it is normally insufficient for arising under jurisdiction merely to allege that ownership or possession is claimed under [Federal law]." Id. (citations and internal quotations omitted). The critical distinction in Oneida hinges on whether the claimed right of possession sought to be enforced arises from state law or federal law. Id.[1]

      a)     AIARMA:

As noted by Avista, AIARMA provides jurisdiction to the Secretary of the Interior and Indian tribes to issue regulations and enforce provisions of the Act. 25 U.S.C. §§ 3713(a)(1), (c). One such regulation, upon which Plaintiffs' rely, allows the Secretary and Tribes to raise trespass claims. 25 C.F.R. § 166.800 *et seq.*. The case cited to by Plaintiffs, Cayuga Indian Nation of New York v. Village of Union Springs, 293 F.Supp.2d 183 (N.D. N.Y. 2003), held that a tribe had subject matter jurisdiction pursuant to § 1331 for their claim raised under 28 U.S.C. § 1362 because both statutes contained the "arises under" phrase. Plaintiffs assert this reasoning is akin to the Supreme Court's decision in Oneida and supports their argument that the trespass claim raised here is administered by the laws of the United States and, therefore, arises under those laws making jurisdiction pursuant to § 1331 proper.

The complaint clearly seeks damages and other relief upon a trespass claim. (Dkt. No. 1). As Plaintiffs' acknowledge, they are neither the Secretary of the Interior nor a Tribe and, thus,

---

[1] "[T]he assertion of a federal controversy does not rest solely on the claim of a right to possession derived from a federal grant of title whose scope will be governed by state law. Rather it rests on the not insubstantial claim that federal law now protects, and has continuously protected from the time of the formation of the United States, possessory rights to tribal lands, wholly apart from the application of state law principles which normally and separately protect a valid right of possession."

MEMORANDUM ORDER - Page 4
06ORDERS\MAREK.WPD

unable to bring a claim directly under AIARMA. Unlike the situation in both <u>Cayuga</u> and <u>Oneida</u>, Plaintiffs' claim here is one of trespass sounding in state law not federal. Such a claim does not invoke the jurisdiction of this Court simply because Plaintiffs' allotment derives from federal statutes. See <u>Oneida</u>, *supra*. The claim, instead, seeks remedies for the individuals as landowners not based upon any grant, treaty, or statute of federal origin. AIARMA provides relief distinct from the claim asserted here and, therefore, cannot make up the basis for jurisdiction.

   b) <u>Actions for Allotments, 25 U.S.C. § 345 and 28 U.S.C. § 1353</u>:

The General Allotment Act of 1887, 25 U.S.C. § 341 *et seq.*, provides jurisdiction to district courts over suits involving the right to any allotment. The "recodification" of § 345's jurisdictional provision is found in 28 U.S.C. § 1353 which provides original jurisdiction over civil actions "involving the right of any person, in whole or in part of Indian blood or descent, to any allotment of land under any Act of Congress or treaty." <u>Scholder v. United States</u>, 428 F.2d 1123, 1126 (9th Cir. 1970). Such actions on an allotment, Avista claims, are limited to cases where the claimant is, at least in part, of Indian blood or descent, and the claims are for 1) suits seeking the issuance of an allotment and 2) suits involving the interest and rights of the Indian in an allotment or patent already acquired. (Dkt. No. 13, p. 4). Avista maintains that Plaintiffs' claims here do not allege they are of Indian blood or descent and their trespass action is neither requesting the issuance of an allotment or involves the interest and/or rights of an allotment already issued.

The parties dispute the application of the Ninth Circuit's decision in <u>Pinkham v. Lewiston Orchards Irrigation Dist.</u>, 862 F.2d 184, 186 (9th Cir. 1988). Avista claims <u>Pinkham</u> stands for the proposition that § 1353 does not provide subject matter jurisdiction for tort claims; that instead such jurisdiction exists for claims affecting title/ownership to an allotment. Plaintiffs distinguish <u>Pinkham</u> by pointing out that it involved a negligence claim whereas the cause of action here is one for trespass, an intentional tort. In <u>Pinkham</u> the Ninth Circuit held that although § 345 allows federal jurisdiction over suits by Indian allottees concerning their ownership rights and interest in allotments already acquired, because the plaintiffs' claims were for damages caused by alleged negligence and tortious invasion of their property, not related to ownership or rights appurtenant to

MEMORANDUM ORDER - Page 5
06ORDERS\MAREK.WPD

allotment, the district court properly granted the motion to dismiss for lack of subject matter. <u>Id.</u> at 189.

The Supreme Court has determined that § 345 grants jurisdiction over two types of cases "suits seeking the issuance of an allotment...and suits involving 'the interest and rights of the Indian in his allotment or patent after he has acquired it." <u>United States v. Mottaz</u>, 476 U.S. 834, 845 (1986). There is no dispute that the claim raised here relates to the second type of case. "Of critical importance in deciding whether jurisdiction exists under section 345 for protection of interests appurtenant to the allotment are the claims advanced by plaintiffs." <u>Pinkham</u>, 862 F.2d at 187. The Court finds the claim advanced here does not relate to the denial of a right acquired appurtenant to their allotment. The Court agrees with Plaintiffs that a claim does not fall outside of § 345 simply because it is a tort claim. The decision here, however, is based upon the claim itself and whether that claim raises the interests contemplated under § 345. In particular, the Court notes that both § 1353 and § 345 include language referring to Acts of Congress or treaties. <u>See</u> 28 U.S.C. § 1353 ("any Act of Congress") and 25 U.S.C. § 345 ("law of Congress," "allotment Act or under any grant made by Congress."). The trespass action in this case is unlike other § 345 claims which arise from federal regulations and statutes specifically protecting Indian allotments. Here, the claim is not based upon a specific protection of federal law but, instead, the law of trespass which is available to any landowner. Therefore, the Court concludes that neither § 345 nor § 1353 form the basis for subject matter jurisdiction in this matter.

    c)    <u>Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202</u>:

Sections 2201 and 2202 are applicable to cases where a party is seeking a declaratory judgement. The Declaratory Judgment Act, however, does not itself confer federal subject matter jurisdiction; rather, it vests a district court with discretion to proceed with respect to a certain type of case already "within its jurisdiction." 28 U.S.C. § 2201(a). "Actions brought under the [Declaratory Judgment] Act must be founded on an independent basis for subject matter jurisdiction." <u>Staacke v. United States Secretary of Labor</u>, 841 F.2d 278, 280 (9th Cir. 1988). Therefore, these statutes do not form the basis for jurisdiction.

### Conclusion

The Court has considered the Plaintiffs' basis for jurisdiction as noted in the complaint and argued in the parties' briefing. As determined above, subject matter jurisdiction does not lie in this Court. Therefore, the motion to dismiss for lack of subject matter jurisdiction is appropriate and shall be granted. Because the Court is without subject matter jurisdiction over the claim and that claim is the same as to both Defendants, the case is dismissed as to both Defendants. The motion to dismiss is also made upon the grounds that the complaint fails to state a claim for relief and fails to join an indispensable party. Having concluded that the Court is without subject matter in this action, it is unnecessary for the Court to rule upon these additional grounds for dismissal.

### ORDER

Based on the foregoing and being fully advised in the premises, the Court **HEREBY ORDERS** that Defendants' Motion to Dismiss (Docket No. 12) is **GRANTED**. The complaint is dismissed in its entirety as to all parties.

DATED: **February 23, 2006**

Honorable Edward J. Lodge
U. S. District Judge